May Term, 1839.

HODGES
v.
SPRINGER.

### HODGES *v.* SPRINGER.

If a new trial, applied for on an affidavit of newly-discovered evidence, be improperly refused, the refusal may be assigned for error.

ERROR to the *Kosciusko* Circuit Court.

*Thursday*, *May* 23.

SULLIVAN, J.—The only error assigned in this case is, the refusal of the Circuit Court to grant a new trial on the application of the defendant below.

The motion was founded on an affidavit of newly-discovered testimony, made by the attorney of the defendant

in his client's absence, accompanied by an affidavit of the witness whose testimony had been discovered since the trial. The affidavits show, that the money for which the suit was brought had been invested in lands by the defendant, for the use and benefit of the plaintiff and according to his request ; that the defendant was prevented by a violent attack of sickness from preparing for the trial, and from attending upon it himself ; that he did not know of the facts within the knowledge of the witness, until it was too late to procure his attendance by subpœna, nor in time to apprize his counsel of his ability to procure the testimony.

In some of the Courts of this country, and especially in the Supreme Court of the *United States*, the refusal of the Circuit Court to grant a new trial, cannot be assigned for error.

At an early day this Court, with a full knowledge of those decisions, thought proper to establish a different rule. *Goldsby* v. *Robertson*, 1 Blackf. 21. In *Coe* v. *Givan*, Ib. 367, this Court would not reverse the judgment of the Circuit Court refusing to grant a new trial on the ground of newly-discovered testimony, because it did not appear but that on the use of due diligence the evidence might have been discovered before the trial. If the affidavit had shown the use of due diligence, or a sufficient excuse for not making it, the opinion of the Court might have been different.

In the present case, if the affidavits be true, as they are presumed to be, manifest injustice has been done the defendant ; and he has shown that he did not bring it upon himself by his own inattention and neglect. While actively engaged in a remote county in preparing for the trial, he was taken sick, and was thus providentially hindered from producing his testimony on the trial, and from attending upon it himself. We think the Circuit Court erred in refusing a new trial.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to grant a new trial.

*J. L. Jernegan* and *H. Cooper*, for the plaintiff.

*C. H. Test*, for the defendant.